IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-cv-00139-BO-RJ

| | | |
|---|---|---|
| WILLIAM F. HARDWICK,<br>Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | O R D E R |
| | ) | |
| LOGS LEGAL GROUP, LLP,<br>Defendant. | )<br>)<br>)<br>) | |

This cause comes before the Court on Plaintiff's motion for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure [DE 2]. For the reasons that follow, the request for a temporary restraining order is denied.

## BACKGROUND

Plaintiff William Hardwick commenced this action in federal court by filing a complaint [DE 1] and a motion for a temporary restraining order [DE 2]. These identical documents were completed on model paperwork provided by the State of North Carolina for North Carolina state courts. Plaintiff seeks a temporary restraining order preventing Defendant LOGS Legal Group from proceeding with the "ILLEGAL FORECLOSURE!" of his property, alleging that he was never given notice of such a sale. [DE 2 at 1].

## DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *Tchienkou v. Net Tr. Mortg.*, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

Here, the plaintiff has failed to satisfy Rule 65(b)(1)(B). The Plaintiff has not certified in writing the efforts made to provide notice to the Defendant, nor provided a reason for why such notice should not be required. Emergency, *ex parte* relief is therefore unsupported by the current motion.

## CONCLUSION

Accordingly, Plaintiff's request for a temporary restraining order [DE 2] is DENIED.

SO ORDERED, this 17 day of April 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE