| | | |
|---|---|---|
| WILLIAM F. HARDWICK III, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LOGS LEGAL GROUP, LLP, | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for additional time and to consider additional information [DE 13] and motion for extension of time to seek legal representation. [DE 14].

## BACKGROUND

Plaintiff William Hardwick commenced this action in federal court by filing a complaint [DE 1] and a motion for a temporary restraining order [DE 2]. Plaintiff sought a temporary restraining order preventing defendant LOGS Legal Group from proceeding with the "ILLEGAL FORECLOSURE!" of his property, alleging that he was never given notice of such a sale. [DE 2 at 1]. By order entered April 18, 2025, the Court denied plaintiff's motion for temporary restraining order. [DE 12]. Plaintiff filed the instant motions on April 22, 2025, and April 24, 2025. No documents have been filed in this case since that time.

## DISCUSSION

In plaintiff's first motion, he appears to seek an extension of time to respond, noting that he is preparing to hire legal representation. [DE 13]. Plaintiff further requests that the Court consider a notice to vacate property attached to his motion. *Id.* It is unclear to what plaintiff seeks an extension of time to respond, and plaintiff's exhibit does not provide any grounds on which to

reconsider the Court's denial of his motion for temporary restraining order. Plaintiff's motion [DE 13] is denied.

Plaintiff also seeks an extension of time to obtain legal representation. [DE 14]. Since the filing of this motion, no attorney has noticed an appearance on behalf of plaintiff. Accordingly, the Court denies this motion without prejudice.

The complaint in this action was filed on March 11, 2025. [DE 1]. Rule 4(m) states, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Service of process constitutes "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *United States v. Perez*, 752 F.3d 398, 405 (4th Cir. 2014) (emphasis and citation omitted). Service may be made by "[a]ny person who is at least 18 years old and not a party[.]" Fed. R. Civ. P. 4(c)(2).

The Federal Rules of Civil Procedure provide that service on a corporation, partnership, or association must be effected either through one of the methods provided for serving an individual or by serving an officer, managing, or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1). An individual may be served by, among other methods, following state law for service of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Under North Carolina law, service on a foreign or domestic corporation may be effected by, for example, mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the [appropriate] officer, director or agent" of the defendant. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(c).

2

Plaintiff has filed proof of service on defendant, to which he has attached a certified mail receipt. [DE 10]. Plaintiff has failed to file a return receipt or signature confirmation reflecting service on defendant. Nor was the summons addressed to an officer, director, or managing agent of defendant. *See* [DE 5]. Accordingly, plaintiff shall demonstrate why service on defendant was effective under the rules or why he should be afforded additional time to effect proper service. *See* Fed. R. Civ. P. 4(m). Plaintiff shall comply with this order not later than March 25, 2026. Failure to do so will result in dismissal of this case for failure to prosecute. Should plaintiff fail to show why service was effective or that good causes exists to extend the time for effecting service, his complaint will be dismissed pursuant to Rule 4(m).

CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for additional time and to consider additional information [DE 13] is DENIED and plaintiff's motion for extension of time to seek legal representation [DE 14] is DENIED without prejudice. Plaintiff shall demonstrate why service on defendant was effective or why he should be afforded additional time to effect proper service not later than March 25, 2026. Failure to comply with this order to will result in dismissal of this case for failure to prosecute. Should plaintiff fail to show why service was effective or that good causes exists to extend the time for effecting service, his complaint will be dismissed pursuant to Rule 4(m).

SO ORDERED, this **4** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3